Chief Justice Robertson
delivered the Opinion of the Court.
As Wheeler waived objection to a specific execution of the contract for the land, on the condition of receiving the entire consideration, we perceive no valid objection to a decree to that effect.
But we think that the Circuit Court erred in decreeing a specific execution before payment of the amount of the order on Whitley, which Wheeler had taken, and which he has filed with his answer.
*82 There is no sufficient proof, that the order was received in discharge of McClain’s prior liability on his promise to pay the consideration which he undertook to pay for the land. It appears that Whitley had not paid or accepted the order; and it does not appear that Wheeler’s failure to give immediate notice of the nonacceptance will have subjected McClain to the loss of the amount of the order, or to any other material loss or inconvenience; indeed, thejcontrary may be fairly inferred.
Under such circumstances, had Wheeler sued McClain for the original consideration, his taking the order for collection, and not as payment, might not have affected his right to recover. But had the amount of the order been lost to the drawer in consequence of the holder’s neglect, then, in the language of Judge Washington, it might “ be fair to presume that he took it as a satisfaction, and agreed to run the risk.” See Hagar vs. Boswell &c. 4 J. J. Mar. 63.
But as Wheeler avers, in his answer, that he did not take the order as a satisfaction, and as there is no proof that he did so receive it, a compulsory specific execution, without payment of the amount of the order, would not appear to be equitable.
Wherefore, it is decreed and ordered that the decree of the Circuit Court be reversed, and the cause remanded, with instructions to dismiss the bill, unless McClain will pay to Wheeler the amount of the order which he. had drawn in his favor on Whitley.